(87 South. 498)

No. 24241.

## WRIGHT v. WHATLEY.

(Feb. 28, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** ⬤⟞1011(1)—**Finding on conflicting evidence not disturbed.**

In an action to recover a share in a commission on a sale of land, where there was no evidence as to the terms of the agreement except that of the parties, who disagreed, and that of a witness who testified that defendant said the commission was to be divided, the trial judge's finding in accordance with defendant's theory that plaintiff was to have only one-third of the commission will not be disturbed.

2. **Attachment** ⬤⟞47(4)—**Evidence held to show intent to defraud creditors.**

In an action for a share in a commission on a sale of land, evidence that defendant had transferred his home to his wife, that he had no real estate in his name, though he owned considerable interests in the name of a third person, that his assets were notes, etc., transferable by delivery, that he told plaintiff he would not give him any part of the check received for the commission, and that he subsequently pledged the check to a third person, sufficiently showed an intention to defraud creditors to support an attachment.

Appeal from Seventh Judicial District Court, Parish of Richland; John R. McIntosh, Judge.

Action by J. William Wright against Hugh W. Whatley. From a judgment for plaintiff, defendant appeals. Affirmed.

George Wesley Smith and Zach Taylor Heard, both of Rayville, for appellant.

Ellis & Ellis and John St. Paul, Jr., all of Rayville, for appellee.

SOMMERVILLE, J. This suit is by plaintiff for one-half of a commission earned on a sale of land in the northern part of the state. The contract was alleged to have been an oral one, and for one-half of the commission earned.

Defendant, answering, said that there was no contract between him and the plaintiff; but, on the trial, he admitted an oral contract, but claimed that it was only for one-third to plaintiff, and not one-half of the commission, and, further, that the contract had been breached.

[1] There was no evidence whatever going to show a breach of the contract; and the only evidence as to the terms was the testimony of plaintiff, who testified that it was for one-half of the commissions, and that of defendant, who testified that it was for one-third. There was a witness who testified that the defendant had told him that the commission was to be divided between the plaintiff and defendant; but he did not testify as to the portions; and defendant may well have meant one-half of two-thirds of the commissions, as defendant was obligated to give one-third to another party.

This was doubtless the appreciation of the evidence by the district judge, who saw and heard the witnesses; and his finding will not be disturbed.

Defendant has appealed, and plaintiff has answered the appeal, asking that the judgment be increased to one-half of the commission.

Plaintiff sought and obtained a writ of attachment under article 240, paragraph 4, of the Code of Practice, which provides that—

"When he has mortgaged, assigned or disposed of, or is about to mortgage, assign or

dispose of his property, rights or credits, or some part thereof, with intent to defraud his creditors or give an unfair preference to some of them," the creditor may obtain an attachment.

[2] Defendant argues that no intent to defraud his creditors was proved on the trial of the case, and that the attachment should be dissolved.

We think that the evidence is sufficient to show the intention on defendant's part to defraud his creditors, and that the judge of the district court decided correctly in so holding. Defendant had transferred his home to his wife; he had no real estate in his name, although he owned considerable interests in certain real estate standing altogether in the name of a third person; his assets were in notes, etc., which were transferable by delivery; he told plaintiff that he would not give him any portion of the check which he was about to receive for his commission; and he subsequently placed this check in the hands of a third person as a pledge to secure $150. It is this check which is under seizure in this case. The intent to defraud his creditors, and particularly the plaintiff, is sufficiently proved, if it was not fully admitted by him.

The judgment appealed from is affirmed.